# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0688
Filed July 22, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Curtis Lloyd,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Kellyann M. Lekar, Judge.

---

**AFFIRMED**

---

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

In 2019, Curtis Lloyd was under investigation by Waterloo police for multiple offenses. As part of an unrelated sex-abuse investigation, police had taken buccal swabs from Lloyd the previous year; they told him they were waiting on DNA testing before a charging decision. Then, as part of a felon-in-possession investigation, police questioned Lloyd at Allen Hospital in August while he was receiving treatment after a shooting. The DNA results came back in late 2019 on the first case, and police obtained arrest warrants for both that case and the felon-in-possession charges.

In testimony the district court found "credible," Waterloo officers testified they attempted to locate Lloyd after he was released from the hospital but couldn't find him. They publicly identified Lloyd as a "most wanted" suspect and had him listed on Cedar Valley Crimestoppers. Police did not receive any actionable tips from these efforts. Other officers learned in 2022 from social-media posts that Lloyd may have been in Wisconsin. Police tried to determine Lloyd's specific location as part of a joint "round up" operation involving federal marshals but were unable to locate him.

The county attorney filed a trial information on the gun charge in July 2022, apparently believing the statute of limitations would run in August. Then, in 2024, the Black Hawk County Sheriff learned Arizona authorities had apprehended Lloyd on the nationwide warrant entered on the Iowa charges. Lloyd waived extradition and deputies flew Lloyd from Arizona to Iowa within ten days.

Lloyd moved to dismiss the gun charge, arguing his right to a speedy trial was violated. As part of that argument, his attorney argued—without evidence—that he remained in Iowa for medical treatment following August 2019 and police could have found him in another county.

The district court found "good cause" for the delay between the July 2022 trial information and July 2024 waiver of extradition. The court specifically found Waterloo police "made efforts to locate [Lloyd] during the intervening time" and were unable to do so. The court also observed that, while it was not required to attribute the good-cause finding to Lloyd's conduct, Lloyd knew about the police investigation and that he was suspected of possessing a firearm in August 2019.

Lloyd entered a conditional guilty plea, seeking to preserve the speedy-trial issue for appellate review. He now appeals, raising a three-pronged challenge to the ruling below. He argues there was not good cause under the speedy-trial rule, that (what he calls) the State's "misunderstanding of the law" on the statute of limitations warranted dismissal, and that he was not "responsible" for the delay in the proceedings.

We review interpretation of the "procedural rules governing speedy trial" for correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). But we review good-cause-for-delay findings for an abuse of discretion, giving latitude to the district court's assessment of the facts. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). We consider each of Lloyd's claims under the applicable standards of review.

First, as to the good-cause determination, we discern no abuse of discretion. We focus on "the reason for the delay." *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005) (citation omitted). And we recognize "[t]he State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him." *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975). As we understand Lloyd's appellate argument, he essentially disagrees with the district court on whether the police diligently searched for him. But this is the kind of contested fact-finding we entrust to the district

court on abuse-of-discretion review. *See, e.g.*, *State v. Jentz*, 853 N.W.2d 257, 272 (Iowa Ct. App. 2013). We discern no basis to substitute our judgment for that of a district judge who explicitly found the police testimony on this issue "credible." *See id.* at 271–72 (affirming good-cause finding in part based on credibility findings below).

Second, as to Lloyd's contention that the county attorney's "misunderstanding of the law" on the statute of limitations affects the good-cause analysis, we must consider whether error was preserved. The State argues "nobody" identified this supposed mistake of law below, and Lloyd never obtained a ruling on it. The record supports this argument, and we find the claim is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We are also a bit skeptical it would be relevant to analyzing good cause.

Third, "good cause may be shown by the State without establishing fault on the part of defendant or his counsel." *State v. LaPlant*, 244 N.W.2d 240, 242 (Iowa 1976). But even if it was required, we are hard-pressed to see how Lloyd absconding from the State while he knew he was under investigation for one or more felonies was *not* delay attributable to him.

We pause last to acknowledge Lloyd's reliance on this court's unpublished decision in *State v. Castillo-Alvarez*, No. 08-0868, 2009 WL 2960419 (Iowa Ct. App. Sep. 2, 2009). But that case is easily distinguishable. Police knew where Castillo-Alvarez was for some six years after the crime and more than one year after the trial information was filed. *Id.* at *4. Police here did not know where Lloyd was, tried to find him based on non-specific social-media posts and failed, and promptly collected him from Arizona once his location was known. *Castillo-Alvarez* is not on-point.

**AFFIRMED.**